Opinion of the Court.
Hornblower, C. J.
The court of Common Pleas, when the appeal was called on, dismissed it out of court, because the Appeal Bond sent up by the Justice, had no subscribing witness. In doing so, I think the court did right; unless the appellant and *252 his surety immediately offered to re-execute that bond in the presence of one or more witnesses, or to substitute a new bond. Such an offer would have saved the appeal, as we decided in Garrabrant v. McCloud, 3 Green, 462. But in this ease no offer was made by the appellant to perfect the bond, or to substitute a new one.
The same question, some time ago, came before me at the Middlesex Circuit, in the case of Homans v. Combs. Upon a motion to dismiss the appeal for want of a subscribing witness to the bond, the appellant, instead of perfecting the bond, or tendering a new one, offered to prove by a bystander in court, the signatures of the appellant and his surety; but the court of Common Pleas, rejected such evidence, as useless, and dismissed the appeal. In doing so, I then held, and am still of opinion, the court did right. There is no doubt, but a bond, or other deed, without a subscribing witness, if it has actually been sealed and delivered by the party, is a good deed. So is a deed, with material alterations, or interlineations, a good deed, if they were made before it was executed; or even, afterwards, if made with the consent of the obligor or grantor: nevertheless, we have repeatedly decided, that an appellee is not bound to accept of a bond, appearing upon the face of it, to have been altered or interlined, unless, such alterations have been noted by the witnesses, to have been made before the execution of the bond. Shinn v. White, 6 Halst. 187; Sutphen v. Hardenburgh, 5 Halst. 288; Rockafeller v. Rhea, 7 Id. 180. So too, it has repeatedly been held, that a bond unskilfully drawn, without proper recitals to connect it with the judgment appealed from, is not a sufficient Appeal Bond ; although by proper averments in a declaration, sustained by the necessary proof, a recovery might be had on such bond.
The principle of these decisions, is that where the law compels a man to take a bond, as his security, in the preparation of which, he has, and can have no agency, and about the sufficiency of which, he is not even consulted, it will see, that he has at least a perfect bond on the face of it; and one, about the validity and the due execution of which, there appears to be no dubiety or uncertainty. Now, though a subscribing witness is not essential to the validity of a deed, yet it is one of the ordinary parts *253 of a deed, or rather an ordinary and proper incident to the due execution of one: and it is right that there should be, at least, one subscribing witness: for in any action brought on a bond, the plaintiff must prove, that it was sealed and delivered by the party whose deed it purports to be. It is true, courts have gone so far as to say, that, if there is no subscribing witness, then, upon proof of the handwriting of the obligor, the jury may presume, if the instrument purports to be a deed, that it was sealed and delivered by him. But where a man is compelled by law to take a bond, the instrument ought to be executed in the ordinary maimer, so as to indicate to him, the source from whence he may derive evidence of its due execution. Eor, no prudent, business man, would voluntarily take a bond purporting to have been made by a stranger, without knowing when and where and in whose presence it had been executed : or whether, in point of fact, it had been executed in the presence of any one : and surely, the court ought not to compel a man to take a bond, so defectively executed, that a prudent man, acting for himself, might reasonably refuse to accept it.
Nor would the offer, if one had been made, to prove the signatures before the court of Common Pleas, have removed the objection. What good would it have done? It would still have been a bond without a subscribing witness. In any action after-wards to be brought upon it, the obligee, would have had to prove by legal and competent testimony the due execution of the bond. It would not have been sufficient for him to get up in court and say, why, the court of Common Pleas were satisfied the bond had been executed: the handwriting was proved before them. The ground of objection would still have remained, namely: that it was a bond, the execution of which could only be proved by secondary and presumptive evidence. Besides, such proof before the Common Pleas, would be coram non judice. That court has no right to require proof of the execution of the bond; all they have to do is, to see that it is a bond, in proper form, and such upon the face of it, as justified the Justice in granting the appeal.
I am aware, that in Rockafeller v. Rhea, 7 Halst. 180, this court is reported to have allowed a mandamus, because the court of Common Pleas dismissed the appeal, on the ground of inter *254 lineations in the bond, notwithstanding the appellant offered to prove, before that court, that the interlineations had been made before its execution. This seems only to be the Reporter’s note of the case, and I can hardly think the question underwent any serious consideration of the court. The proving of that fact before the Common Pleas, would not have altered the appearance of the bond; nor superseded the necessity of such proof, in any subsequent suit upon it. It would have remained, an altered bond, and have required just the same explanatory and healing evidence whenever it should be put in suit: and when perhaps such evidence would be beyond the reach of the obligee. It is sufficient however to say, that this is not such a case, and in my opinion, an appellee ought not to be compelled to take a bond without a subscribing witness, and be left to hunt up secondary evidence, when it becomes necessary to enforce it.
Ford, White and Elmer, Justices, concurred.
Nevius, Justice, dissented.

Motion denied.